UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

                      Plaintiff,

-vs-

**D-1   JEFFREY M. SIX,**

                      Defendant.

Case: 2:21−cr−20297
Assigned To : Friedman, Bernard A.
Referral Judge: Grand, David R.
Assign. Date : 5/3/2021
Description: INFO USA V. SIX (NA)

# INFORMATION

*THE UNITED STATES ATTORNEY CHARGES:*

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. The Social Security Act of 1935 initiated the Federal and State Unemployment Insurance (UI) System, which is designed to provide benefits to persons who are out of work. The UI program is administered for the federal government by State Workforce Agencies (SWAs). State unemployment insurance systems and benefits are financed by state and

1

federal funds.

2. The Families First Coronavirus Response Act (FFCRA) and the Coronavirus Aid, Relief, and Economic Security (CARES) Act, each of which was enacted in March 2020, expanded unemployment insurance for many workers by extending the duration and amount of benefits in certain situations.

3. To receive UI benefits, claimants are required to file claims with the appropriate SWA. Claimants typically file their claims on-line, via the internet at the respective SWA website.

4. Once a claim is accepted, the SWA will send UI benefits either weekly or bi-weekly to the claimant. California mails a debit card to the claimant once their claim is accepted. The claimant may use this card just as he would any other debit card. The card is reloaded with funds periodically, so long as the individual receives benefits. Nevada and New York provide benefits via wire transfer to an account designated by the claimant.

5. To continue receiving benefits, claimants are periodically required to verify with the state SWA that they are still unemployed. Claimants typically do so online, via the internet.

6. SWAs applications specifically ask claimants if they are receiving UI benefits from other states. Claimants are prohibited from collecting UI benefits from more than one state at the same time.

7. Claimants who become unemployed and qualify for UI benefits can file for UI from a state other than that in which they reside so long as wages were reported in the state where they claim benefits.

## COUNT ONE
## 18 U.S.C. § 1343
## Wire Fraud

### THE SCHEME

8. From in or about March 2020, to in or about January 2021, in the Eastern District of Michigan, defendant JEFFREY M. SIX devised, intended to devise, and executed a scheme to defraud state workforce agencies in the states of California, Nevada, and New York, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

9. It was part of the scheme to defraud that defendant JEFFREY M. SIX applied for unemployment income (UI) benefits from the states of

California, Nevada, and New York. SIX submitted applications online, from the Eastern District of Michigan, to state workforce agencies located in California, Nevada, and New York. In each application, SIX falsely represented that he had worked in the state and that he had not applied for, nor was he receiving, unemployment benefits from any other state.

10. Relying on the accuracy of the statements that SIX made in his applications, state workforce agencies in California, Nevada, and New York authorized unemployment insurance to be paid to SIX.

11. Thereafter, on a periodic basis, SIX provided information to the states of California, Nevada, and New York that he continued to meet the requirements for UI payments. SIX submitted all information online, in interstate commerce, from the Eastern District of Michigan to locations outside of the state of Michigan.

12. As a result of the false information that defendant JEFFREY M. SIX provided to SWAs, he received unemployment benefits in the following amounts to which he was not entitled:

    California: $ 7,404.00;

    Nevada:    $23,446.00;

    New York: $10,712.00.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

(18. U.S.C. § 981 and 28 U.S.C. § 2461 – Criminal Forfeiture)

13. Upon being convicted of violating Title 18, United States Code, Section 1343 as alleged in this Information, defendant shall forfeit to the United States any property which constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.

14. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of defendant:

    (a)    Cannot be located upon the exercise of due diligence;

    (b)    Has been transferred or sold to, or deposited with, a third party;

    (c)    Has been placed beyond the jurisdiction of the Court;

    (d)    Has been substantially diminished in value; or

    (e)    Has been commingled with other property that cannot be subdivided without difficulty.

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461, to seek to forfeit any other property of defendant up to the value of the forfeitable property described above.

15.  <u>Money Judgment</u>: Upon being convicted of violating 18, United States Code, Section 1343, defendant shall be ordered to pay the United States a sum of money equal to the total amount of proceeds defendant obtained as a result of such violation.

        Respectfully submitted,

        SAIMA S. MOHSIN
        Acting United States Attorney

        */s/ John K. Neal*
        John K. Neal
        Assistant United States Attorney
        Chief, White-Collar Crimes

        */s/ Stanley J. Janice*
        Stanley J. Janice
        Assistant United States Attorney
        211 W. Fort, Suite 2001
        Detroit, MI   48226
        Tel: 313.226.9740
        Email: lee.janice@usdoj.gov

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>2:21-cr-20297 |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** |

**Case Title:** USA v. Jeffrey Six

**County where offense occurred :** Oakland

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

    ___Indictment/ ✓ Information --- **no** prior complaint.
    ___Indictment/___Information --- based upon prior complaint [**Case number:**          ]
    ___Indictment/___Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

May 3, 2021
Date

/s/ Stanley J. Janice
Stanley J. Janice
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9740
Fax:   (313) 226-2873
E-Mail address: lee.janice@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.